CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887
and
ERIN A. NOVAK, ESQ.[1]
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 S. Broad Street
Philadelphia, PA 19110
Phone: (215) 735-8600; Fax: (215) 940-8000

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **JACQUELINE OSTRANDER** | **Civil Action No.** |
|     **Plaintiff,** | |
| **v.** | **COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT** |
| **PROCOLLECT, INC.** | **DEMAND FOR JURY TRIAL** |
|                    **Defendant.** | |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"), and other state law claims.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

---

[1] Pennsylvania counsel will move for *pro hac vice* admission shortly after the case is assigned to a judge, the complaint is served, and the Defendants appear.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff Jacqueline Ostrander is an adult individual residing at 3400 Kindred Avenue, #1, Reno, Nevada 89502.

5.      Defendant Procollect, Inc. is a business entity with its principal office located at 12170 North Abrams Road, Suite 100, Dallas, Texas 75243.   The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

6.      At all pertinent times hereto, Defendant was hired to collect a debt relating to a debt originally owed to Willow Brook Apartments (hereafter the "debt").

7.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.      In or around June 2010, Defendant began contacting Plaintiff's mother in an attempt to collect the debt. During these telephone conversations, Plaintiff's mother advised Defendant to cease contacting her.

9.      Notwithstanding the above, Defendant continued to contact Plaintiff's mother in attempting to collect the debt with the intent to annoy, abuse and harass Plaintiff.

10.      In or around June 2010, Defendant began contacting Plaintiff on her cellular telephone during hours while Plaintiff was at work in an attempt to collect the debt. During these conversations, Plaintiff requested that Defendant cease

contacting her cellular telephone during hours that she was at work because Plaintiff was prohibited from taking these types of telephone calls while at work.

11.    Notwithstanding the above, Defendant continued to contact Plaintiff on her cellular telephone during hours that Plaintiff was at work and has continued to do so through the present. By way of example, during the week of February 14, 2011 through February 18, 2011, Defendant contacted Plaintiff on her cellular telephone during her work hours at least once daily.

12.    During this time Defendant also falsely threatened that if she did not pay the debt immediately, that she would be taken to court and that her wages would be garnished.

13.    Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

14.    Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

15.    Defendant acted in a false, deceptive, misleading and unfair manner by communicating with the consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

16.    Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

17.    Defendant acted in a false, deceptive, misleading and unfair manner by communicating with the consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to

know that the consumer's employer prohibits the consumer from receiving such communication.

18.    Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19.    Defendant acted in a false, deceptive, misleading, and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20.    Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

21.    Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action.

22.    Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

23.    Defendant acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

24.    Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

25.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of

their employment, and under the direct supervision and control of the Defendant herein.

26.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.    As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I - VIOLATIONS OF THE FDCPA**

28.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31.    The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)     Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

(b)     Communicating with a non-debtor on more than one occasion;

(c)     Communicating with the consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

(d)     Communicating with the consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication;

(e)     Communicating with any person other than the consumer in connection with the collection of a debt;

(f)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

(g)     Misrepresenting the character, amount, or legal status of any debt;

(h)     Representing or implying that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action;

(i)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(j)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(k)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

33.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

34.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

35.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36.     Defendant's conduct, including but not limited to repeatedly contacting Plaintiff's mother as well as Plaintiff during her work hours in an attempt to collect a debt after being advised that Plaintiff could not accept calls during her work hours, constitutes an invasion of privacy.

37.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## COUNT III- DECEPTIVE TRADE PRACTICES

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     Defendant's violations of the state Deceptive Trade Practices acts include, but are not limited to, the following: NRS Chapters 598 *et seq.*, and 649 *et*

*seq.,* by using any device, subterfuge, pretense or deceptive means or representations to collect any debt.

40.    NRS 598 (deceptive trade practices) and 649 (collection agency practices), in tandem, allows a state claim for deceptive trade practices where the collection agency engages in harassing tactics, which has been defined in NAC 649.150 as "a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive" (*i.e.*, the FDCPA).[2]

---

[2] 1N.R.S. 41.600 allows for an action by victims of fraud. It states in pertinent part:
    1. An action may be brought by any person who is a victim of consumer fraud.
    2. As used in this section, "consumer fraud" means:
* * *
    (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive. NRS 598.0923(4) defines deceptive trade practices as conducting a business by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction."

Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state (emphasis added)." NRS 649.375(5) pertains to prohibited acts of practices, collection agencies. It states, in pertinent part, that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by regulations adopted by the commissioner."

The regulations can be found in NAC 649.150, which states that:
    The commissioner of financial institutions will consider a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent and grounds for the suspension or revocation of the license of the collection agency or collection agent. [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79]—(NAC A by Admstr. of Financial Institutions, eff. 6-29- 84; A by Comm'r of Financial Institutions, 5-19-88) (Emphasis added.)

Thus, a judgment finding Defendants violated any of the provisions of the FDCPA, would also establish that it engaged in harassing conduct toward Plaintiff, which is the basis of this claim for relief.

Moreover, such acts would also be considered in violation of 15 U.S.C. §1692f, and therefore, a violation of NRS 649.375(5). 15 U.S.C. §1692f states, in pertinent part:
    A debt collector may not use unfair or unconscionable means

8

41.     In addition, Defendant's acts and omissions violated NRS 649.370 (Violation of federal Fair Debt Collection Practices Act), NRS 649.375(1), (2) and (5) (Prohibited practices), and NRS 649.375(2).

42.     Defendant acted in bad faith and unfairly with the intent to deprive Plaintiff of her rights or property. Furthermore, Defendant knew of the probable harmful consequences of its wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

43.     As a result of the above acts and omissions, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative, harmful emotions, and is entitled to her actual damages, statutory damages, exemplary damages, fees and costs.

## **JURY TRIAL DEMAND**

44.     Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be just and proper.

DATED this 2nd  day of June 2011.

Respectfully submitted by:
/s/ Craig B. Friedberg, Esq.
4760 South Pecos Road, Suite 103

Las Vegas, Nev. 89121